SPEER *v.* NALDRETT.

CONTRACTS—ISSUES OF FACT.
  Under conflicting evidence concerning the waiver of certain provisions in a contract for the sale of timber, the questions involved are held to have been properly submitted to the jury.

Error to Gratiot; Searl, J. Submitted April 8, 1909. (Docket No. 21.) Decided July 15, 1909.

Assumpsit by James H. Speer against William T. Naldrett on a logging contract. A judgment for plaintiff is reviewed by defendant on writ of error. Affirmed.

*John T. Mathews*, for appellant.

*William A. Bahlke*, for appellee.

MOORE, J.　The parties to this litigation made a contract reading as follows:

"This agreement made this 14 day of October, 1898, between J. H. Speer of Clarence, and W. T. Naldrett of Ithaca, that first party agrees to deliver on cars at Clarence, all the Hemlock logs he has on sec. 35, in town of Reading, Clare Co., at $3.50 per M, the logs to be cut 12 to 24 ft. long, as second party may direct from time to time, and all logs must be of good quality, to be well loaded by first party and scaled one-half with Scribner rule and one-half with Doyle rule, * * * on skids in woods, the second party to pay ($1.00) when scaled & $1.50 more when to the R. R. track, and the balance when loaded or within 60 days & to give a good fair scale, and if parties cannot agree on scale they are to have a disinterested party to scale; that second party is to take 200 M feet as fast as got out—the balance to be loaded as the second party may direct during the month of April and May 1899. Except what first party may want to peel, and they must all be loaded on or before the 15th of June 1899, to be loaded in coal cars if second party wishes.

"J. H. SPEER.
"W. T. NALDRETT."

Mr. Speer cut and delivered all the logs. They were all scaled by the Doyle scale, and if that scale, under all the proofs shown by the record, is to control, plaintiff has been paid in full. It is his claim, however, that half of them were to be scaled according to the Scribner rule, and that he has never done anything to waive his right to have them so scaled.

This case originated in justice's court. It was appealed to the circuit court. Plaintiff recovered a judgment for $124.27. The case is brought here by writ of error. We quote from the brief of counsel for appellant:

"The main contentions of the defendant upon the trial were two, viz.:

"(1) That as a matter of law the plaintiff by his state-

ments and conduct waived his right to have any other or different scale of logs in question than was accorded to him while the logs were in the woods on the skids, and is estopped from claiming any other scale.

"(2) That the differences between the parties were finally settled, compromised, and closed by the payment admitted to have been made January 8, 1900, which was by the giving of a check, upon which was written, ' Payment in full for logs.'

" These questions are raised upon the record in a variety of ways; by exceptions and assignments of error to rulings upon motions to direct, requests to charge, and in the charge as given, which will be discussed in their order, under a classification of the assignments.

"Beyond these two questions there are many assignments of error upon the rulings of the court as to the admissibility of evidence, and motions to strike out evidence, which will also be discussed in their order."

Counsel then proceed to discuss at length the 53 assignments of error under 9 heads. The briefs and the 330 pages of printed record have been examined with care. Nothing occurred after the written contract was made about which the parties are agreed. The testimony in relation to the controlling facts is in direct conflict. It would profit no one to take up in detail the questions raised by counsel and discuss them. The circuit judge directed the conduct of the trial with great care. He submitted the conflicting claims of the parties fully and fairly to the jury. We find no reversible error in the record.

Judgment is affirmed.

BLAIR, C. J., and OSTRANDER, McALVAY, and BROOKE, JJ., concurred.